Michael E. Malloy, Esq., No. 617
Rick R. Hsu, Esq., No. 5374
Kristen D. Matteoni, Esq., No. 14581
MAUPIN, COX & LEGOY
4785 Caughlin Parkway
Reno, NV 89519
(775) 827-2000
(775) 827-2185 (fax)
mmalloy@mcllawfirm.com
rhsu@mcllawfirm.com
kmatteoni@mcllawfirm.com
*Attorneys for Plaintiff Jeffrey K. Berns*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY K. BERNS, | ) |
| Plaintiff, | ) Case No.: |
| vs. | ) **COMPLAINT** |
| NEVADA SECRETARY OF STATE; and BARBARA K. CEGAVSKE, in her official capacity as Nevada Secretary of State | ) ) ) ) |
| Defendants. | ) |

Plaintiff JEFFREY K. BERNS ("*Plaintiff*"), by and through his undersigned counsel, brings this Complaint against Defendants, the NEVADA SECRETARY OF STATE and BARBARA K. CEGAVSKE, in her official capacity as Secretary of State for the State of Nevada (collectively referred to herein as "*Secretary of State*") and their employees, agents, and successors in office, and in support thereof allege the following:

## I.      INTRODUCTION

1.      This is a civil action in which Plaintiff seeks to protect his constitutional right to create and develop a new political party.



MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

1

2.      Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States and Nevada Constitutions to protect an individual's well-established First Amendment rights to freedom of expression and freedom of association and Fourteenth Amendment right to equal protection under the law.

3.      At issue in this case is whether the Secretary of State may lawfully censor non-vulgar, peaceful political expression of a person seeking to form a political party.

## II.      PARTIES

4.      Plaintiff is a resident of Douglas County, Nevada.

5.      Defendant Nevada Secretary of State is a public official whose position is created by the Nevada Constitution and whose offices are located in Carson City, Nevada.

6.      Defendant Barbara K. Cegavske is the current Secretary of State elected by the voters of the State of Nevada.  She is sued in her official capacity pursuant to *Ex Parte Young*, 209 U.S. 123 (1908) for actions taken under color of state law.

## III.      JURISDICTION AND VENUE

7.      This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 1988.  Plaintiff also brings state law claims for violation of Article 1, Sections 9 and 10 of the Nevada Constitution.

8.      This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), § 1343(a)(3) (civil rights violation), § 2201-2202 (declaratory relief), and § 1367 (supplemental jurisdiction over state law claims).

9.      Venue is proper in the District of Nevada under 28 U.S.C. § 1391 because the events giving rise to the claims detailed herein occurred in Nevada.

MAUPIN|COX|LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

## IV.   GENERAL ALLEGATIONS

10.     In March of 2019, Plaintiff, through his counsel, contacted the Secretary of State to inquire into the appropriate steps required to form a new minor political party.

11.     NRS 293.171, which sets forth the procedure to qualify as a minor political party, requires an organization to file with the Secretary of State a certificate of existence and a copy of its constitution or bylaws (collectively, *"organizational documents"*) in a manner which meets the statutory requirements.

12.     The Secretary of State has prepared and published a document retrievable from its website entitled *"State of Nevada Minor Party Qualification Guide,"* which explains procedures to qualify as a minor political party.

13.     In compliance with NRS 293.171 and the *State of Nevada Minor Party Qualification Guide*, on April 29, 2019, Plaintiff submitted a Certificate of Existence and Bylaws to the Elections Division of the Secretary of State (*"Elections Division"*) on behalf of an organization seeking to qualify as a minor political party known as the WTF Party. True and correct received-stamped copies of the Certificate of Existence and Bylaws are attached hereto as **Exhibit "1"** and incorporated herein by reference.

14.     On April 29, 2019, the Elections Division confirmed to Plaintiff its receipt of the organizational documents and stated that the Certificate of Existence would be posted to the Secretary of State's website.  A true and correct copy of the confirming email from the Elections Division is attached hereto as **Exhibit "2"** and incorporated herein by reference.

15.     On May 2, 2019, the Elections Division sent Plaintiff by email received-stamped copies of the Certificate of Existence and Bylaws of the WTF Party and indicated that certified copies of the organizational documents were being mailed to Plaintiff. A true and correct copy

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

of the email from the Elections Division is attached hereto as **Exhibit "3"** and incorporated herein by reference.

16.    Based on the foregoing email communications from the Elections Division, Plaintiff reasonably believed the organizational documents of the WTF Party had been accepted by the Secretary of State to qualify as a minor political party.

17.    On or about May 20, 2019, the Secretary of State sent a letter to Plaintiff stating that the organizational documents of the WTF Party were held in "pending status" based on the following rationale: *"Since the name of the party will include an acronym that commonly serves as a substitute for a well-known profanity, we believe that it may be offensive to a substantial portion of the electorate."*  A true and correct copy of the May 20, 2019 letter is attached hereto as **Exhibit '4"** and incorporated herein by reference.

18.    The Secretary of State's letter of May 20, 2019 cited *Walker v. Texas Division, Sons of Confederate Veterans,* 135 S.Ct. 2239 (2015) as support for her position and stated the WTF Party organizational documents would be returned to Plaintiff without being accepted *"unless you can persuade us that it is not your intent to convey a message that is offensive or otherwise contemptuous of the election process."*

19.    On May 24, 2019, Plaintiff sent a response letter stating that the refusal to accept the WTF Party documents violated the First and Fourteenth Amendments to the United States Constitution and cited applicable U.S. Supreme Court precedent. A true and correct copy of Plaintiff's response letter dated May 24, 2019 is attached hereto as **Exhibit "5"** and incorporated herein by reference.

20.    On June 20, 2019, Plaintiff sent another letter to the Secretary of State clarifying that "WTF" stands for nothing more than "W," "T," and "F," and the letters are not an

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

abbreviation and have no additional meaning. The letter further clarified that it was not Plaintiff's

intent to refer to the party as the "What The *uck" Party  or to produce any campaign materials

referring the party as such. A true and correct copy of Plaintiff's letter dated June 20, 2019 is

attached hereto as **Exhibit "6"** and incorporated herein by reference.

21.     On July 3, 2019, Plaintiff sent the Secretary of State another letter demanding that

the WTF Party paperwork be accepted and cited for support the recent decision of the United

States Supreme Court, *Iancu v. Brunetti*, 139 S. Ct. 2294 (2019). A true and correct copy of

Plaintiff's letter dated July 3, 2019 is attached hereto as **Exhibit "7"** and incorporated herein by

reference.

22.     Despite Plaintiff's repeated requests and demands, the Secretary of State

continues to refuse to accept the WTF Party's organizational documents to qualify as a minor

political party.

## V.     FIRST CLAIM FOR RELIEF
### Violation of the First Amendment 42 U.S.C. § 1983

23.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs in

this Complaint.

24.     The First Amendment of the United States Constitution states that "Congress shall

make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to

assemble."

25.     The First Amendment is applicable to the states through the Fourteenth

Amendment.

26.     The rights to free speech and peaceably to assemble under the First Amendment

include and encompass the freedom of association for the advancement of beliefs and ideas.

MAURIN|COX|LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

27.     Based on the First and Fourteenth Amendments, Plaintiff has a constitutional right to create and develop a new political party, which advances the constitutional interest of like-minded voters to gather in pursuit of common political ends, thus enlarging the opportunities of all voters to express their own political preferences.

28.     The name of the political party that Plaintiff seeks to create is political speech, which is the highest rung of protected speech in the First Amendment hierarchy. Examples of other minor political parties with names expressing political speech which might be offensive could include the "Legal Marijuana Now Nevada" Party previously organized in Nevada, "The Rent is Too Damn High" party previously organized in New York, and the nationally organized "American Beer Drinker's Party."

29.     The Secretary of State has prevented the WTF Party from qualifying as a minor political party based on political speech of Plaintiff.

30.     The Secretary of State's subjective belief that the WTF Party "may be offensive to a substantial portion of the electorate" is not a narrowly drawn restriction to advance a compelling state interest to justify thwarting Plaintiff's constitutional right to develop a new political party.

31.     The Secretary of State's unlawful enforcement of statutes and regulations governing minor political parties under color of state law deprives Plaintiff of his rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

32.     Plaintiff has no adequate remedy at law to compensate for the loss of this fundamental freedom and will suffer irreparable injury absent an injunction restraining the Secretary of State's continued violation of Plaintiff's constitutional rights.

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

33.    Plaintiff is therefore entitled to declaratory relief that the Secretary of State has violated the Free Speech Clause of the First Amendment of the U.S. Constitution

34.    Plaintiff is further entitled to injunctive relief preventing the Secretary of State from continuing to violate Plaintiff's constitutional rights and mandating that the Secretary of State accept the organizational documents of the WTF Party to qualify as a minor political party in Nevada.

## VI.    SECOND CLAIM FOR RELIEF
### Violation of the Equal Protection Clause of the Fourteenth Amendment

35.    Plaintiff re-alleges and incorporates by reference all the preceding paragraphs in this Complaint.

36.    The Equal Protection Clause of the Fourteenth Amendment requires that the government treat similarly situated persons alike.

37.    Under NRS 293.171, an organization qualifies as a minor political party upon the acceptance of organizational documents by the Secretary of State which comply with the statute.

38.    The Secretary of State's role in the qualification process is limited to the ministerial act determining whether the organizational documents meet the statutory requirements of NRS 293.171 and accepting them for filing.

39.    The Secretary of State is not vested with any discretionary authority to prevent a minor political party who submits legally conforming documents from qualifying based on the Secretary of State's belief that the party name "*may be offensive to a substantial portion of the electorate.*"

40.    The Secretary of State has denied Plaintiff equal protection under the laws by discriminating against Plaintiff based on political speech protected by the First Amendment.

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mcllawfirm.com

41.     By discriminating against the political speech of Plaintiff, the Secretary of State is unlawfully treating Plaintiff differently than other similarly situated persons who have qualified as minor political parties after submitting organizational documents which comply with NRS 293.171.

42.     By reason of the aforementioned speech restriction, adopted and enforced under color of state law, the Secretary of State has unconstitutionally deprived Plaintiff of the equal protection of the law guaranteed under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

43.     Plaintiff is therefore entitled to declaratory relief that the Secretary of State has violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

44.     Plaintiff is further entitled to injunctive relief preventing the Secretary of State from continuing to violate Plaintiff's constitutional rights and mandating that the Secretary of State accept the organizational documents of the WTF Party to qualify as a minor political party in Nevada.

## VII.    THIRD CLAIM FOR RELIEF
### Violation of Article 1, Section 9 of the Nevada Constitution – Free Speech

45.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs in this Complaint.

46.     Article I, Section 9 of the Nevada Constitution provides, in relevant part:

> Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press.

MAURIN|COX|LEGOY
ATTORNEYS AT LAW

4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

47.     The Secretary of State's refusal to accept the organizational documents of the WTF Party to prevent it from qualifying as a minor political party in Nevada violates Plaintiff's right to freedom of speech under Article I, Section 9 of the Nevada Constitution.

48.     Plaintiff is therefore entitled to declaratory relief that the Secretary of State has violated Article I, Section 9 of the Nevada Constitution.

49.     Plaintiff is further entitled to injunctive relief preventing the Secretary of State from continuing to violate Plaintiff's constitutional rights and mandating that the Secretary of State accept the organizational documents of the WTF Party to qualify as a minor political party in Nevada.

## VIII.   FOURTH CLAIM FOR RELIEF
### Violation of Article 1, Section 10 of the Nevada Constitution – Free Assembly

50.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs in this Complaint.

51.     Article I, Section 10 of the Nevada Constitution provides:

> The people shall have the right freely to assemble together to consult for the common good, to instruct their representatives and to petition the Legislature for redress of Grievances.

52.     The Secretary of State's refusal to accept the organizational documents of the WTF Party to prevent it from qualifying as a minor political party in Nevada violates Plaintiff's right to freedom of assembly and freedom of association under Article I, Section 10 of the Nevada Constitution.

53.     Plaintiff is therefore entitled to declaratory relief that the Secretary of State has violated Article I, Section 10 of the Nevada Constitution.

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

54.     Plaintiff is further entitled to injunctive relief preventing the Secretary of State from continuing to violate Plaintiff's constitutional rights and mandating that the Secretary of State accept the organizational documents of the WTF Party to qualify as a minor political party in Nevada.

## IX.     PRAYER FOR RELIEF

BASED ON THE FOREGOING, Plaintiff requests that this Court:

1.     Declare that the Secretary of State's refusal to accept the WTF Party's organizational documents to prevent it from qualifying as a minor political party violates the provisions of the United States and Nevada Constitutions cited herein;

2.     Issue a preliminary and permanent prohibitory injunction preventing the Secretary of State from continuing to violate Plaintiff's rights under the provisions of the United States and Nevada constitutions cited herein;

3.     Issue a preliminary and permanent mandatory injunction requiring the Secretary of State to accept the organizational documents of the WTF Party to qualify as a minor political party in Nevada;

4.     Award Plaintiff's costs and expenses of this action, including a reasonable attorneys' fees award, in accordance with 42 U.S.C. § 1988 and other applicable law; and

///

///

///

///

///

MAUPIN COX LEGOY
ATTORNEYS AT LAW
4785 Caughlin Pkwy.
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

5.   For such other and further relief as this Court deems just and proper.

Dated this 29th day of July, 2019.

MAUPIN, COX & LEGOY

By: _____

Michael E. Malloy, Esq., No. 617
Rick R. Hsu, Esq., No. 5374
Kristen D. Matteoni, Esq., No. 14581
4785 Caughlin Parkway
Reno, Nevada 89519
*Attorneys for Plaintiff Jeffrey K. Berns*

MAUPIN COX LEGOY
ATTORNEYS AT LAW

4785 Caughlin Pkwy
Reno, Nevada 89519
(775) 827-2000
www.mclawfirm.com

# Exhibit 1

# Exhibit 1

CERTIFICATE OF EXISTENCE FOR
THE WTF PARTY
April 23, 2019

**RECEIVED**

APR 2 9 2019

SECRETARY OF STATE
ELECTIONS DIVISIONS

Nevada Secretary of State
Attn: Elections Division
North Carson Street. Suite 3
Carson City, NV 89701

This document constitutes the Certificate of Existence of the WTF Party as required pursuant to NRS 293.171(1). The current Constitution and Bylaws of the WTF Party are appended to this document.

**Name of Political Party:**
"WTF Party"

**Names of Officers and Members of the Executive Committee:**
*Chair*: Mr. Jeffrey Berns
P.O. Box 51119
Sparks, NV 89435

**Name of Person Authorized to File List of Candidates for Partisan Office with the Nevada Secretary of State:**
Mr. Jeffrey Berns, or a duly authorized representative
P.O. Box 51119
Sparks, NV 89435
(775) 842-6171

**Procedure to Ensure that Only One Candidate May be Nominated for Each Office:**
As set out in the Bylaws in Article VI. only one candidate may be nominated for each office by the party.

### BYLAWS OF THE
### WTF PARTY

RECEIVED

APR 2 9 2019

SECRETARY OF STATE
ELECTIONS DIVISIONS

The following Code of Bylaws of the WTF Party is hereby adopted.

## I

## IDENTIFICATION

A.  <u>Name</u>. The name of this organization is "WTF Party."

## II

## PURPOSE AND STRUCTURE

A.  <u>Governance</u>.   These bylaws shall govern the organization, operation, and functions of the political party known as the WTF Party.

B.  <u>Goals</u>.   The goal of the WTF Party is to form an independent political party.

C.  <u>Object</u>.   The object of the WTF Party is to support legislation and candidates for Public Office that agree with the ideals and values of the party within the state of Nevada.

## III

## MEMBERSHIP

A.  <u>General</u>.   A person is a member of the WTF Party if he or she is: (i) legally registered to vote in Nevada; (ii) has selected the WTF Party as his or her current party affiliation; and (iii) has been a WTF Party member for at least thirty (30) days.

B.  <u>Paying-Members</u>.   Any Nevada resident shall be a paying member of the WTF Party if he or she: (i) meets the criteria in Section III, A., and (ii) pays dues as designated by the Executive Committee.

## IV

## CONVENTIONS AND MEETINGS

A.  <u>Frequency</u>.   The WTF Party may elect to hold a State Convention in even-numbered years for the purpose of choosing candidates for Public Office as well as whatever other business deemed necessary and proper.   The WTF Party may hold a Convention in odd-numbered years anytime from January to May for any purpose deemed necessary and proper by the Executive Committee.

B.     <u>Special Conventions</u>.   Special conventions may be held by a seventy-five percent (75%) vote of the members of the Executive Committee.   At such Conventions, only matters previously designated shall be discussed and/or voted upon.

C.     <u>Protocols and Procedures</u>.    Conventions and other meetings may be live or broadcast via electronic means including telephone, video conferencing, web conferencing, internet calling, or other similar communication methods.

(a) <u>Meetings</u>.    If a Convention or meeting is in person at a designated time and location, the Executive Committee will provide at least thirty (30) days advance notice to paying members.    Provisions shall be made to allow persons to attend by telephone, video conferencing, web conferencing, internet calling, or other similar communication methods.

(b) <u>Online Meetings</u>.    If a Convention or meeting is to be held via telephone, video conferencing, web conferencing, internet calling, or other similar communication methods, the Executive Committee will provide advance notice of the manner in which to participate.

V

EXECUTIVE COMMITTEE

A.     <u>The Executive Committee</u>.    The Executive Committee shall be the administrative body of the WTF Party and shall manage and conduct the day-to-day business and operations of the WTF Party.

B.     <u>Composition</u>.    The Executive Committee is to consist of one (1) Chair. Additional members of the Executive Committee may be appointed by the Chair.

C.     <u>Duties</u>.    The Chair shall is to have active executive management of the operations of the Executive Committee.    He or she is to preside at all meetings of the Executive Committee, and all Conventions.    He or she must discharge all the duties specified in these Bylaws or prescribed by the Executive Committee.    The Chair shall also ensure the Certificate of Existence is properly and annually filed with the Nevada Secretary of State.

D.     <u>Increase or Decrease of Members of Executive Committee</u>.    The Executive Committee may be increased or decreased from time to time by a majority vote of the current members of the Executive Committee.    There must at all times be at least one (1) member of the Executive Committee.

E.     <u>Vacancies</u>.    Whenever any vacancy occurs on the Executive Committee by death, resignation, removal, increase in the number of members, or otherwise, the vacancy is to be filled by the Chair at a regular or special meeting thereof or by the written consent of all members of the Executive Committee without a meeting.    In the event there are no members on the Executive Committee, the members of the WTF Party may, by majority vote, elect a new Chair.

F.     <u>Removal of Members of Executive Committee</u>.    Any members of the Executive Committee may be removed from office by the vote or written consent of not less than a majority vote of the current members of the Executive Committee.

G.   <u>Compensation</u>.   Executive Committee members shall serve without pay.

VI

NOMINATION OF CANDIDATES FOR PUBLIC OFFICE

A.   <u>Candidate Committees</u>.   Candidate committees are responsible for (i) preparing a list of potential candidates for Public Office; (ii) contacting the prospective candidates; (iii) advising the candidates of the WTF Party candidate qualifications requirements; (iv) interviewing potential candidates; and (v) providing endorsements to the Executive Committee.

B.   <u>Selection of Candidates</u>.   The Executive Committee will determine the final list of possible candidates for Public Office and set up a meeting of paying members to select the candidates.   There shall be a "None of the Above" option on all races.   No more than one candidate may be nominated for any Public Office.   In the event of a tie vote, a run-off will result.

C.   <u>List of Nominated Candidates</u>.   The list of nominated candidates shall be delivered to the Nevada Secretary of State by the person(s) designated in the "Certificate of Existence," or other person properly designated, on or before the date required by Nevada law.

VII

AMENDMENTS TO BYLAWS

A.   <u>Amendment</u>.   Except as otherwise specifically provided in these Bylaws, the power to alter, amend, or repeal these Bylaws, or to adopt new Bylaws, is vested in the Chair.

# Exhibit 2

# Exhibit 2

**Kristen Matteoni**

| | |
|---|---|
| **From:** | SOS Elections Division <nvelect@sos.nv.gov> |
| **Sent:** | Monday, April 29, 2019 3:00 PM |
| **To:** | Kristen Matteoni |
| **Subject:** | RE: Political Party Formation |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Good afternoon,

Your Certificate of Existence has been received and will be posted to the website.

**From:** Kristen Matteoni <kmatteoni@mcllawfirm.com>
**Sent:** Monday, April 29, 2019 1:48 PM
**To:** SOS Elections Division <nvelect@sos.nv.gov>
**Cc:** Hunsberger, Kurt <khunsberger@mcllawfirm.com>; Jeri Armstrong <jarmstrong@mcllawfirm.com>
**Subject:** Political Party Formation

Good afternoon,

Attached please find the Certificate of Existence and Bylaws of the WTF Party required for political party formation. Upon receipt, please return a file stamped copy to this email address.

If you have any questions, or need any additional information, please advise.

Best,

*Kristen D. Matteoni, Esq.*
Maupin, Cox & LeGoy
4785 Caughlin Parkway
Reno, Nevada 89519
(775) 827-2000
(775) 827-2185 (facsimile)
kmatteoni@mcllawfirm.com
Legal Assistant: Katie Allen



Please consider the environment before printing this e-mail.
CONFIDENTIALITY -- This message is intended to be confidential and directed only to the person or entity to whom it is addressed above. Furthermore, the contents of this message and any attachments hereto may be subject to the attorney-client privilege and/or work product doctrine and should not be disclosed to other parties, distributed, or copied in any way. If you have received this message by error, please reply by e-mail to inform us and delete any copies from your hard drive. Thank You.

1

# Exhibit 3

# Exhibit 3

**Kristen Matteoni**

| | |
|---|---|
| **From:** | Jennifer Brooks <jbrooks@sos.nv.gov> |
| **Sent:** | Thursday, May 2, 2019 11:58 AM |
| **To:** | Kristen Matteoni |
| **Subject:** | Political Party Documents |
| **Attachments:** | Cert of Existence & Bylaws.pdf |

Good Afternoon,

Please find attached stamped copies of the Certificate of Existence for the WTF Party, for your records. I have put a certified copy of the documents in the US mail today. Have a nice afternoon.

Jennifer Brooks
Administrative Assistant IV
Office of Nevada Secretary of State Barbara K. Cegavske
Elections Division
Office (775) 684-7127
jbrooks@sos.nv.gov

# Exhibit 4

# Exhibit 4

**BARBARA K. CEGAVSKE**
*Secretary of State*

**STATE OF NEVADA**

**SCOTT W. ANDERSON**
*Chief Deputy Secretary of State*

**WAYNE THORLEY**
*Deputy Secretary for Elections*



**OFFICE OF THE**
**SECRETARY OF STATE**

May 20, 2019

<u>Via U.S. Mail</u>

Jeffrey Berns
P.O. Box 51119
Sparks, NV 89435

**RE: Clarification**

Dear Mr. Berns,

The Nevada Secretary of State's office is in receipt of your proposed organizational documents for a minor political party to be known as the "WT* Party." Since the name of the party will include an acronym that commonly serves as a substitute for a well-known profanity, we believe that it may be offensive to a substantial portion of the electorate. It may also have a tendency to convey contempt for the election process in the same way that a "Who Cares Party?", an "Apathy Party", or a "Roll-the-Dice Party" might communicate disdain for the election process.

If this office has misconstrued your intent, we would be happy to further discuss your proposal to form the "WT* Party." In the meantime, the office plans to hold the organizational documents in a pending status, and unless you can persuade us that it is not your intent to convey a message that is offensive or otherwise contemptuous of the election process, we will return them to you without having accepted them for filing. We believe that our position is supported by the decision of the U.S. Supreme Court in *Walker v. Texas Division, Sons of Confederate Veterans*, 135 S.Ct. 2239 (2015). Please do hesitate to call me at (775) 684-5720 if you wish to discuss this matter further.

Respectfully,

Barbara K. Cegavske
Secretary of State

By: _____
Wayne Thorley, Deputy Secretary for Elections

cc:     Kristen D. Matteoni, Esq.

**NEVADA STATE CAPITOL**
101 N. Carson Street, Suite 3
Carson City, Nevada 89701-3714

**MEYERS ANNEX**
**COMMERCIAL RECORDINGS**
202 N. Carson Street
Carson City, Nevada 89701-4201

**LAS VEGAS OFFICE**
2250 Las Vegas Blvd. North, Suite 400
North Las Vegas, NV 89030

nvsos.gov

# Exhibit 5

# Exhibit 5



## MAUPIN | COX | LEGOY
### ATTORNEYS AT LAW

4785 Caughlin Parkway
Reno, Nevada 89519

P.O. Box 30000
Reno, Nevada 89520
www.mcllawfirm.com

Telephone
(775) 827-2000

Facsimile
(775) 827-2185

May 24, 2019

*Via U.S. Mail*

Wayne Thorley
Deputy Secretary for Elections
202 N. Carson Street
Carson City, NV 89701

**Re:    Clarification**

Dear Mr. Thorley:

This letter is in response to your letter dated May 20, 2019, indicating the Nevada Secretary of State's intent to reject the filing of the organizational documents for the WTF Party on the basis of profanity, offensiveness, and/or contempt for the election process. While your letter requests that Mr. Berns justify the intent of the name of his political party, it is our position that a refusal to organize the party as designated is a violation of the First Amendment to the United States Constitution. We therefore respectfully request that you organize the party in a timely manner.

Rooted in the First and Fourteenth Amendments is the Constitutional right to form new political parties. *Norman v. Reed*, 502 U.S. 279, 288-89 (1992). The name of a political party does not qualify as government speech under the test articulated in *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239 (2015). *See Walker*, 135 S. Ct. at 2247 (the factors are whether (1) the government has historically used the medium for expression; (2) observers are likely to appreciate that the government is speaking through the private participants; and (3) the government exercises effective control and "final approval authority" over the content of the messages). We believe our position is supported by *Matal v. Tam*, 137 S. Ct. 1744 (2017). *See also Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 34 (2d Cir. 2018) ("speech that is otherwise private does not become speech of the government merely because the government provides a forum for the speech or in some way allows or facilitates it").

In addition, "speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Snyder v. Phelps*, 131 S. Ct. 1207, 1215 (2011) (citation omitted). "Virtually all non-violent political speech is protected by the First Amendment, even when 'hurtful,' 'offensive,' or 'disagreeable.'" *Young Am.'s Found. v. Kaler*, 370 F. Supp. 3d 967 (D. Minn. 2019) (quoting *Snyder*, 562 U.S. at 458). The WTF Party represents a form of political speech and is guaranteed heightened protections under the First Amendment.

MAUPIN, COX & LeGOY

May 24, 2019
Page 2

Finally, the phrase "WTF" is not itself profanity and there exists numerous interpretations for the acronym. That the acronym *can* represent a potentially offensive connotation does not overcome the protections provided by the United States Constitution. *Street v. New York*, 89 S. Ct. 1354, 1366 (1969) ("It is firmly settled that under our Constitution the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers.").

Based on the above, Mr. Berns respectfully requests that your office form the party as filed. If you elect not to do so, please inform undersigned counsel by written communication. Should you wish to discuss this matter further, please do not hesitate to contact either of us at (775) 827-2000 or via email at khunsberger@mcllawfirm.com or kmatteoni@mcllawfirm.com.

Sincerely yours,

Maupin, Cox & LeGoy

By: _____
Kurt O. Hunsberger, Esq.

By: _____
Kristen D. Matteoni, Esq.

KDM
Cc: Jeffrey Berns

# Exhibit 6

# Exhibit 6



**MAUPIN | COX | LEGOY**
ATTORNEYS AT LAW

4785 Caughlin Parkway
Reno, Nevada 89519

P.O. Box 30000
Reno, Nevada 89520
www.mcllawfirm.com

Telephone
(775) 827-2000

Facsimile
(775) 827-2185

June 20, 2019

*Via U.S. Mail*

Wayne Thorley
Deputy Secretary for Elections
202 N. Carson Street
Carson City, NV 89701

Gregory Zunino
Deputy Solicitor General
5420 Kietzke Lane, Suite 202
Reno, NV 89511

Re:   **Additional Clarification**

Dear Mr. Thorley & Mr. Zunino:

This letter is in response to subsequent telephone and email communication between the office of the Secretary of State, office of the Solicitor General, and our law firm related to formation of the WTF Party. By way of background, on April 29, 2019, the Elections Division of the Secretary of State ("*Elections Division*") confirmed receipt of the Certificate of Existence and Bylaws of the WTF Party. On May 20, 2019, the Elections Division sent a letter rejecting these documents and declining to form the WTF Party on the basis of profanity, offensiveness, and/or contempt for the election process. On May 24, 2019, Mr. Berns, through undersigned counsel, responded to this letter and requested that the Party be formed as initially submitted.

In the month following the May 24, 2019 letter, undersigned counsel communicated with the office of the Solicitor General and there has been an indication that the office of the Secretary of State seeks clarification as to the name, and meaning thereof, of the WTF Party. By sending this letter we aim to provide this clarification with the intent that this letter will result in the formation of the Party as initially requested. Should receipt of this letter not result in the formation of the WTF Party, we will have no choice but to proceed with further legal action.

To clarify, "WTF" stands for nothing more than "W", "T", and "F". The letters are not an acronym or abbreviation and they do not have additional meaning. While we appreciate that some people may infer additional meaning from these letters, that is not the purpose behind the letters in this instance, nor are the letters "W" "T" and "F" themselves offensive or profane. In addition,

MAUPIN, COX & LeGOY

June 20, 2019
Page 2

it is not the intent of Mr. Berns, or any persons associated with the WTF Party, to refer to the Party as the "What The *uck" Party.  Following formation, Mr. Berns will not produce commercials, signs, pamphlets, bumper stickers, social media posts, or any other form of advertising referring to the party as the "What The *uck" Party.  Rather, Mr. Berns intends for the Party to be referred to as the WTF Party.

It remains our position that a refusal to form the Party as initially requested is a violation of the First Amendment to the United States Constitution.  However, we have provided this letter as a means to facilitate formation in a timely manner.  Should you elect not to form the WTF Party as requested on April 29, 2019, please inform undersigned counsel by written communication.  Should you wish to discuss this matter further, please do not hesitate to contact either of us at (775) 827-2000 or via email at khunsberger@mcllawfirm.com or kmatteoni@mcllawfirm.com.

Sincerely yours,

Maupin, Cox & LeGoy

By: _____
Kurt O. Hunsberger, Esq.

By: _____
Kristen D. Matteoni, Esq.

KDM:ka
Cc: Jeffrey Berns

# Exhibit 7

# Exhibit 7



**MAUPIN | COX | LEGOY**
ATTORNEYS AT LAW

4785 Caughlin Parkway
Reno, Nevada 89519

P.O. Box 30000
Reno, Nevada 89520
www.mcllawfirm.com

Telephone
(775) 827-2000

Facsimile
(775) 827-2185

July 3, 2019

*Via U.S. Mail*

Wayne Thorley
Deputy Secretary for Elections
202 N. Carson Street
Carson City, NV 89701

Gregory Zunino
Deputy Solicitor General
5420 Kietzke Lane, Suite 202
Reno, NV 89511

      **Re:**    **Demand for Formation and Filing of Complaint**

Dear Mr. Thorley & Mr. Zunino:

      Based on the continued refusal to form the WTF Party as requested in April of 2019, we have no choice but to commence litigation. While we had hoped to reach an amicable solution to this issue, it has now been more than two (2) months since the filing of the Certificate of Existence and Bylaws of the WTF Party. Sufficient time has therefore passed for the Secretary of State to make a formal decision and we must treat your silence as a continued refusal to form the party. Mr. Berns has instructed undersigned counsel to draft a Complaint for filing against the Secretary of State based on the First Amendment to the United States Constitution. Forcing Mr. Berns to take such action costs the State significant time and resources and brings significantly more attention to the WTF Party than would have resulted had the Secretary of State approved the formation of the party as initially requested.

      Our position has not changed and has, in fact, been strengthened by the recent United States Supreme Court decision in *Iancu v. Brunetti*, 18-302, WL 2570622 (U.S. June 24, 2019). The refusal to form the WTF Party as requested is a violation of the First Amendment to the United States Constitution. Once more, we have provided this letter as a means to facilitate formation in a timely manner. Should you elect not to form the WTF Party as requested on April 29, 2019, please inform undersigned counsel by written communication. Should you wish to discuss this

MAUPIN, COX & LeGOY

July 3, 2019
Page 2

matter further, please do not hesitate to contact either of us at (775) 827-2000 or via email at
khunsberger@mcllawfirm.com or kmatteoni@mcllawfirm.com.

Sincerely yours,

Maupin, Cox & LeGoy

By: _____
    Kurt O. Hunsberger, Esq.

By: _____
    Kristen D. Matteoni, Esq.