UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY K. BERNS,<br><br>                Plaintiff,<br>    v.<br>NEVADA SECRETARY OF STATE, *et al.*,<br><br>                Defendants. | Case No. 3:19-cv-00430-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Jeffrey K. Berns sued Defendant Barbara K. Cegavske, Nevada's Secretary of State, after she refused to accept his paperwork seeking to register a minor political party called the WTF Party. (ECF No. 1.) Before the Court are the parties' cross-motions for summary judgment.[1] (ECF Nos. 13, 18.) The Court held a hearing on the cross-motions on June 22, 2020 (the "Hearing"). (ECF No. 30.) Because Defendant represented in her briefing and at the Hearing that Plaintiff already fulfilled the requirements of NRS §§ 293.171 (1) & (2) by filing his paperwork, contrary to her position in a prelitigation letter she sent Plaintiff, and Plaintiff represented at the Hearing that a reliable admission to this effect would resolve this case—and as further explained below—the Court will deny both of the pending motions and dismiss this whole case as moot.

**II.    BACKGROUND**

The following facts are undisputed. Plaintiff asked Defendant how to set up a minor political party under Nevada law in March 2019, and Defendant responded with an instructional pamphlet. (ECF No. 13 at 3.) Plaintiff followed the instructions in the pamphlet

---

[1]The Court also reviewed the parties' responses and replies. (ECF Nos. 16, 19, 20, 21.)

and submitted to Defendant the paperwork required by NRS § 293.171 (1) & (2) to register a minor political party called the WTF Party in April 2019.[2] (*Id.*)

In late April and early May 2019, Defendant's Elections Division confirmed receipt of the documents, and sent Plaintiff two emails that suggested Defendant had accepted Plaintiff's organizational paperwork. (*Id.*) But then, on May 20, 2019, Defendant sent Plaintiff a letter saying that Defendant was holding Plaintiff's registration paperwork in "pending status" because Defendant's office believed the name WTF Party would be offensive to a substantial portion of the electorate, and reflected contempt for the electoral process, unless Plaintiff could convince Defendant's office otherwise. (*Id.* at 3-4; *see also* ECF No. 1 at 22 (the "Letter").)

Between May 20 and early July 2020, Plaintiff and Defendant's office exchanged letters, phone calls, and emails, but were unable to reach a resolution. (ECF No. 13 at 4; *see also* ECF No. 1 at 24-31.) Defendant continued to maintain she had not, and would not, accept Plaintiff's paperwork to register the WTF Party as a minor political party. (*Id.*) This lawsuit followed.

Plaintiff brings four claims in his Complaint, alleging that Defendant's Letter violated his First Amendment speech rights, and Fourteenth Amendment equal protection rights, along with his free speech and free assembly rights under the Nevada constitution. (ECF No. 1 at 4-10.)

Plaintiff moves for partial summary judgment that Defendant violated his First Amendment rights as a matter of law by refusing to accept his WTF Party organizational paperwork. (ECF No. 13.) He does not seek money in this case, but instead seeks in his motion: (1) a declaration that Defendant violated Plaintiff's First Amendment rights; (2) a permanent prohibitory injunction preventing Defendant from violating his First Amendment rights; and (3) "a permanent mandatory injunction compelling her to accept the

---

[2]According to Plaintiff in a prelitigation letter, "'WTF' stands for nothing more than 'W,' 'T,' and 'F.' The letters are not an acronym or an abbreviation and they do not have additional meaning." (ECF No. 1 at 27.)

organizational paperwork of the WTF Party to qualify it as a minor political party in the State of Nevada." (*Id.* at 17.)

Defendant responded, and countered with a cross motion for summary judgment generally arguing this case is not justiciable either because Plaintiff lacks standing, the case is not ripe, or the case is moot. (ECF Nos. 16, 18.) In her briefing, Defendant takes the position that Plaintiff has already satisfied the requirements of NRS §§ 293.171(1) & (2) by filing his organizational paperwork with Defendant. (ECF Nos. 16 at 5-8, 18 at 5-8.)

## III.     LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting

1  the motion to "set forth specific facts showing that there is a genuine issue for trial."
2  *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings
3  but must produce specific evidence, through affidavits or admissible discovery material, to
4  show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.
5  1991), and "must do more than simply show that there is some metaphysical doubt as to
6  the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting
7  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere
8  existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."
9  *Anderson*, 477 U.S. at 252.

10  Further, "when parties submit cross-motions for summary judgment, '[e]ach motion
11  must be considered on its own merits.'" *Fair Hous. Council of Riverside County, Inc. v.*
12  *Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (quoting William W. Schwarzer, *et al.*,
13  *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb.
14  1992) (citations omitted). "In fulfilling its duty to review each cross-motion separately, the
15  court must review the evidence submitted in support of each cross-motion." *Id.*

16  **IV.   DISCUSSION**

17  Both parties made key concessions at the Hearing that moot the dispute before the
18  Court. *See Lasr Clinics of Henderson, LLC v. United States Dep't of Justice*, Case No.
19  2:17-cv-02118-MMD-GWF, 2017 WL 4707449, at *2 (D. Nev. Oct. 19, 2017) ("A case is
20  moot when no actual controversy exists.") (citing *Cook Inlet Treaty Tribes v. Shalala*, 166
21  F.3d 986, 989 (9th Cir. 1999)). Specifically, Defendant reiterated the position she took in
22  her briefing that Plaintiff has already satisfied the requirements of NRS §§ 293.171(1) &
23  (2) by filing his organizational paperwork with Defendant. Defendant also conceded this
24  position was inconsistent with the position her office took in the Letter telling Plaintiff his
25  application was being held in "pending status."[3] (ECF No. 1 at 22.) Similarly, Plaintiff

---

[3] Indeed, Defendant conceded at the Hearing she has no explicit statutory or regulatory authority to hold applications for a minor political party in "pending status," and instead pointed merely to her general authority to enforce Nevada's elections laws.

4

repeatedly stated at the Hearing that the dispute before the Court is moot if Defendant is bound by her position that Plaintiff has already satisfied the requirements of NRS §§ 293.171(1) & (2) by filing his organizational paperwork with Defendant—but expressed skepticism that Defendant would stick by her position once she was out of court.

The Court finds that Plaintiff expects too little of Defendant. The Court further finds Plaintiff has already satisfied the requirements of NRS §§ 293.171(1) & (2) by filing his organizational paperwork for the WTF Party with Defendant, based on the plain language of the applicable statutes, and Defendant's representations in her briefing and at the Hearing. *See* NRS § 293.171(1) ("must file"); NRS § 293.1715(2) ("must have filed a certificate of existence and be organized pursuant to NRS 293.171"). The Court accordingly finds this dispute moot because Defendant's reversal of her position taken in the Letter gives Plaintiff what he is admittedly seeking in this case. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."). The Court will thus dismiss this whole case, without prejudice, as moot. If Defendant later changes her position, and again tries to hold Plaintiff's application in "pending status," or otherwise argues Plaintiff has not already satisfied the requirements of NRS §§ 293.171(1) & (2), the Court grants Plaintiff leave to file a motion to alter or amend judgment.

///

---

Further, the Court was unable to locate any explicit statutory or regulatory authority that would permit Defendant to hold an application for a minor political party in "pending status" because of perceived offensiveness. It appears to the Court Defendant's office simply made a judgment call untethered from any statutory or regulatory authority. Moreover, the case Defendant cited in the Letter, *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200 (2015), does not appear to apply here. (ECF No. 1 at 22.) The name of a political party on a ballot is very different from a license plate, and the Court is skeptical the name of a political party should properly be considered government speech. The Court also finds Plaintiff's general argument that recent Supreme Court decisions suggest the Supreme Court is skeptical of restrictions on offensive speech sufficiently persuasive to speculate this Court would find Defendant's refusal to register the WTF Party because it is offensive a violation of Plaintiff's First Amendment rights if that question were squarely before the Court. But it is not. The Court thus makes no such finding.

The Court's decision to find this case moot rather than not ripe is intentional. The Court is unpersuaded by Defendant's ripeness argument—that this case is not yet ripe because Plaintiff has made no showing about its attempts to satisfy the other requirements of NRS § 293.1715 (ECF No. 18 at 7-11)—because it misconstrues Plaintiff's argument as to the constitutional harm he has suffered. Plaintiff argues Defendant inflicted a constitutional harm on him when Defendant decided to hold his application in "pending status." (ECF No. 19 at 8-9.) And the Court agrees with Plaintiff that Defendant's Letter (ECF No. 1 at 22) makes this case ripe. As Plaintiff argues, he has some sort of First Amendment right to create a political party that could have plausibly been violated when Defendant told him in the Letter he would never be able to register a political party called the WTF Party. (ECF No. 19 at 5-7, 8-9.) Thus, this case was ripe when Plaintiff filed it— based on Plaintiff's understanding that Defendant would not permit him to satisfy NRS §§ 293.171(1) & (2), meaning he would never be able to satisfy NRS § 293.1715(2). However, now that Defendant has reversed herself, this case is moot.

In sum, as the Hearing helped the Court clarify there is no actual controversy here, the Court will dismiss this entire case, without prejudice, as moot.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered this case is dismissed, in its entirety, without prejudice, as moot.

It is further ordered that Plaintiff's motion for partial summary judgment (ECF No. 13) is denied as moot.

It is further ordered that Defendant's cross motion for summary judgment (ECF No. 18) is denied as moot.

///

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 24th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE